James C. Shah (SBN 260435)
Email: jcshah@millershah.com
**MILLER SHAH LLP**
19712 MacArthur Blvd., Suite 222
Irvine, California 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

Alexander H. Burke*
Email: aburke@burkelawllc.com
Daniel J. Marovitch*
Email: dmarovitch@burkelawllc.com
**BURKE LAW OFFICES, LLC**
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288

*Attorneys for Plaintiff*

* pending *pro hac vice* admission

[Additional Counsel on Signature Line]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOJI JITOSHO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROUND TABLE PIZZA, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br>- **for damages and injunctive relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227**<br><br>**DEMAND FOR JURY TRIAL** |

1.     Defendant, Round Table Pizza, Inc. ("Defendant" or "Round Table"), has sent repeated text message calls to the residential cell phone number of Plaintiff, Koji Jitosho ("Plaintiff"), for the purpose of encouraging purchases at its restaurant, despite the fact that Plaintiff's number has been on the National Do Not Call Registry for years.

2.     Round Table's text message calls to Plaintiff violated the Telephone Consumer Protection Act's National Do Not Call Registry provision, 47 C.F.R. § 64.1200(c)(2).

3.     Plaintiff seeks money damages and injunctive relief for himself and a class of other similarly situated persons, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## INTRODUCTION

4.     Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective.  However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. "Unrestricted telemarketing," Congress determined, "can be an intrusive invasion of privacy." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (quoting TCPA, § 2, ¶ 5, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings)). As a result, the government enacted the TCPA to combat these widespread telecommunications abuses. *Id.*

5.     As is relevant here, the TCPA's regulations provide that "[n]o person or entity shall initiate any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

6. The FCC—which develops the rules and regulations implementing the TCPA—has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, at ¶ 13 (1995).

7. The FCC has "repeatedly acknowledged the existence of vicarious liability under the TCPA." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014) (citing *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574 (2013) ("*FCC 2013 Ruling*")). In addition to formal agency, principles of apparent authority and ratification may also provide a basis for vicarious seller liability for TCPA violations. *FCC 2013 Ruling*, 28 FCC Rcd. at 6584 ¶ 28.

8. The TCPA provides for injunctive relief and the greater of actual damages or up to $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(c)(5).

9. Round Table made multiple telephone solicitations to the residential phones of Plaintiff and others without their prior express invitation or permission or consent, despite such person's registration with the National Do Not Call Registry. Plaintiff files this class action complaint on behalf of himself and others similarly situated, seeking relief for Round Table's illegal calling practices.

**PARTIES**

10. Plaintiff is a natural person and citizen of Alameda County, California.

11. Defendant is a Delaware corporation headquartered, on information and belief, at 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212. Defendant, thus, is a citizen of Delaware and California.

**JURISDICTION AND VENUE**

12. This Court has federal question subject matter jurisdiction over this

- 3 -
CLASS ACTION COMPLAINT

action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims*, 565 U.S. at 386-87.

13. The Court also has Class Action Fairness Act jurisdiction, because there are, on information and belief, several thousand members of the nationwide class, at least one class member is a citizen of a different state from where any defendant is a citizen, and because the aggregate damages exceed $5,000,000, exclusive of fees, costs and interest.

14. The Court has personal jurisdiction over Round Table and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Round Table does business in this District, made or caused to be made the text message calls that are the subject of this lawsuit to Plaintiff and others from this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

**FACTS**

15. Plaintiff is the subscriber to a residential cellular telephone number, which has been registered with the National Do Not Call Registry since at least approximately February 10, 2009.

16. Plaintiff's phone number is not associated with any business, and is for personal use.

17. Plaintiff purchased a single pizza from Defendant in around August 20, 2021, and provided his personal residential cellular telephone number as the contact number for this transaction.

18. Defendant Round Table or someone on its behalf has been initiating text messages to Plaintiff and others for the purpose of encouraging the purchase of Round Table goods or services.

19. For example, Plaintiff received the following text message from (510) 854-0059 on October 3, 2023, at approximately 1:34 p.m.:

- 4 -
CLASS ACTION COMPLAINT

> Large pepperoni or any single topping pizza $22.49 plus tax.
> Round Table
> Castro Valley
> 510-733-9500
> Pickup, Delivery and Dine-in.
> Reply STOPB11 to opt-out.

20. Plaintiff received the following text message from (510) 854-0059 on October 16, 2023, at approximately 3:17 p.m.:

> Large pepperoni or any 1 topping pizza $22.49 plus tax
> Round Table
> Castro Valley
> 510-733-9500
> Pickup/ Delivery/Dine-in
> Exp 10/31
> Reply STOPB11 to stop

21. Plaintiff likewise received the following text message from (510) 854-0059 on November 1, 2023, at approximately 10:48 a.m.:

> Large 2 toppings pizza $25.99 + 6 twists free Round Table Pizza
> Castro Valley
> 510-733-9500
> Pick up/Dine-in/Delivery Exp 11/30/23
> Reply STOPB11 to stop

22. Plaintiff also received the following text message from (510) 854-0059 on November 15, 2023, at approximately 10:20 a.m.:

- 5 -
CLASS ACTION COMPLAINT

>  Large 2 toppings pizza $25.99 +
>  6 twists free
>  Round Table Pizza
>  Castro Valley
>  510-733-9500
>  Pick up/Dine-in/Delivery
>  Exp 11/30/23
>  Reply STOPB11 to stop

23. Plaintiff responded back "STOPB11" on November 15, 2023.

24. On December 14, 2023, at approximately 10:33 a.m., Plaintiff received another text message from Defendant:



25. Plaintiff did not give prior express written invitation or permission or otherwise consent to have Round Table or any other entity or person send him these text messages.

26. Plaintiff has not inquired as to Defendant's goods and services, and has not entered into any transaction with Defendant, since the single transaction

mentioned above, in August 2021.

27. Round Table keeps track of its contacts with consumers, knew when it made these calls that Plaintiff's number was on the National Do Not Call Registry, knew that Plaintiff was not a recent customer of Round Table when it made these calls, and knew that Plaintiff had not made an inquiry regarding Round Table goods or services for more than three months, or made any purchase or transaction with Round Table for more than eighteen months. *See* 47 C.F.R. § 64.1200(f)(5).

28. Based on their non-individualized language and automated nature, Round Table sent these text messages out *en masse* to numerous other consumers, as well, many of whom, like Plaintiff, are on the National Do Not Call Registry.

29. Round Table knows that the public has great disdain telephone solicitations like the ones at issue here, and it knows that they are illegal.

30. Upon information and belief, based upon counsel's investigation, Defendant engaged Mobivity to send these text messages, and authorized its franchisees to send the texts that Plaintiff and the class received.

31. Indeed, Round Table reports that "the implementation of Mobivity's re•currency platform has driven a greater than 40% increase in average customer spend."

32. Moreover, Defendant reaped the monetary and marketing benefits of the texts sent to Plaintiff and the class, with full knowledge that such telemarketing texts were being sent without proper authorization from the consumer recipients. Alternatively, Defendant acquiesced to the sending of these texts, willfully ignorant of the relevant facts and circumstances that would lead any reasonable actor to repudiate or cease making texts like these.

33. Plaintiff and the class were damaged by Round Table's violations of the TCPA. They were harassed, their privacy was invaded, the text messages temporarily seized control of their phones and thus prevented legitimate use of the

equipment, their time was wasted, and the text messages were annoying.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), on behalf of the following class:

> All persons within the United States whose residential cellular or landline numbers Round Table or someone on its behalf called more than once for the purpose of encouraging the purchase of goods or services within any 12-month period (whether through a voice call, text message call, or otherwise), despite the phone number having been registered on the National Do Not Call Registry for more than 31 days, where Round Table did not have a signed, written agreement with the consumer stating that he or she agrees to be contacted by them at the phone number, and the person had not been a customer of Round Table in the past eighteen months or inquired as to goods or services in the past three months or, if so, had revoked consent.

35. Upon information and belief, there are thousands of persons in the class as alleged above.

36. Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

   a. Whether Round Table's calls were "telephone solicitations" within the meaning of the TCPA;

   b. Whether Round Table had prior express invitation or permission to call Plaintiff and the Class;

   c. Whether Round Table had established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations; and

      d. Damages, including whether any violations were willful or knowing, such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(c)(5). *Krakauer v. Dish Network*, LLC, 925 F.3d 643, 663 (4th Cir.), *cert. denied*, 140 S. Ct. 676, 205 L. Ed. 2d 440 (2019) (affirming award of treble damages in TCPA Do Not Call Registry class action).

37. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Round Table's liability to Plaintiff and the other members of the class are the same: They violated the TCPA by causing multiple unsolicited telephone solicitations to be made to the telephone number of each member of the class above.

38. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

39. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, thousands of members of the class, such that joinder of all members is impracticable.

40. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

41. Round Table has acted and failed to act on grounds generally

applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

42. The identity of the class is, on information and belief, readily identifiable from Round Table's or its vendors' records.

## COUNT I
## Violations of the National Do Not Call Registry
### Provisions of the TCPA, 47 U.S.C. § 227, 47 C.F.R. § 64.1200(c)(2)
### (On Behalf of Plaintiff and the Class)

43. Plaintiff re-alleges and incorporates all prior paragraphs. Count I is brought by Plaintiff on behalf of himself and the Class.

44. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her residential landline or cellular telephone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

45. Round Table violated the TCPA by initiating or causing to be initiated multiple telephone solicitations to Plaintiff and the other members of the Class in a 12-month period, despite the person's registration of his or her telephone number on the National Do Not Call Registry.

46. Upon information and belief, Round Table did not bother to scrub Plaintiff's or other class members' phone numbers against the Do Not Call Registry, as the TCPA required it to do.

47. These violations were willful or knowing.

48. As a result of Round Table's violations of the TCPA's National Do Not Call Registry rule, Plaintiff and the other members of the Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

49. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

50. To the extent a Round Table did not physically "initiate" the calling at issue itself, it is nonetheless vicariously liable based on theories of actual authority, apparent authority, and ratification, for these calls made on its behalf.

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment against Round Table for:

    A.    Certification of the Class as alleged herein;

    B.    Damages, pursuant to 47 U.S.C. § 227(c)(5);

    C.    Injunctive relief, pursuant to 47 U.S.C. § 227(c)(5), aimed at preventing Round Table from violating the TCPA in the future;

    D.    Attorneys' fees and costs, as permitted by law; and

    E.    Such other or further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: April 3, 2024

KOJI JITOSHO, individually and on behalf of others similarly situated

By: */s/ James C. Shah*

|   |   |
|---|---|
| 1 | James C. Shah (SBN 260435) |
| 2 | Email: jcshah@millershah.com |
|   | **MILLER SHAH LLP** |
| 3 | 19712 MacArthur Blvd., Suite 222 |
| 4 | Irvine, California 92612 |
|   | Telephone: (866) 540-5505 |
| 5 | Facsimile: (866) 300-7367 |

Alexander H. Burke*
Email: aburke@burkelawllc.com
Daniel J. Marovitch*
Email: dmarovitch@burkelawllc.com
**BURKE LAW OFFICES, LLC**
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288

Phil J. Krzeski*
Email:pkrzeski@chestnutcambronne.com
**CHESTNUT CAMBRONNE PA**
100 Washington Ave. S., Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2940

*Counsel for Plaintiff*

* pending admission *pro hac vice*

**Document Preservation Demand**

Plaintiff hereby demands that Defendant(s) take affirmative steps to preserve all recordings, data, databases, call records, consent to receive calls or text messages, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls (including text message calls), the events described herein, any third party associated with any telephone call/text message, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If any Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant(s) request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant(s).

                                                                         */s/ James C. Shah*